UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RAYMOND G. BECK,

                        Petitioner,

                        **OPINION AND ORDER**
-against-                        11-CV-0060 (SJF)

JAMES CONWAY, Supt. of Attica,

                        Respondent.
----------------------------------------------------------X

FEUERSTEIN, J.

I.    Introduction

On October 10, 2007, a judgment of conviction was entered against Raymond G. Beck ("petitioner") in the County Court, Nassau County (Sullivan, J.) upon his plea of guilty of one (1) count of robbery in the first degree (N.Y. Penal Law § 140.32(2)) and three (3) counts of burglary in the second degree (N.Y. Penal Law § 140.25(2)). On November 27, 2010, petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), based on the following grounds: (1) denial of effective assistance of counsel resulting from counsel's failure to communicate with petitioner; and (2) denial of the right to appeal resulting from counsel's failure to file an appeal on petitioner's behalf. [Docket Entry No. 1]. For the reasons set forth below, the Petition is denied.

II.    Factual Background

On April 10, 2007, petitioner was indicted in Nassau County in connection with the burglary of four (4) homes between February 22, 2007 and March 10, 2007. (Affidavit of Assistant District Attorney Judith R. Sternberg, at ¶ 4 [Docket Entry No. 9]).[1]

---

[1] The affidavit of Assistant District Attorney Judith R. Sternberg is hereinafter referred to as "Sternberg Aff."

On September 12, 2007, petitioner appeared with his counsel before the Honorable David P. Sullivan of the County Court, Nassau County, and pled guilty to all counts as charged in the indictment and waived his right to appellate review. (Minutes of Plea, at 8, 17 [Docket Entry No. 9-1]). Judge Sullivan explained to petitioner that he could face up to twenty-five (25) years of imprisonment for burglary in the first degree, a class B felony, and fifteen (15) years for each of the three (3) counts of burglary in the second degree, a class C felony. (*Id.* at 9). The court agreed to impose a twelve (12) year sentence, with five (5) years of supervised release, for each of the four (4) counts, to run concurrently. (*Id.*). Following petitioner's admission to his status as a prior felony offender in connection with his conviction on March 2, 1995 of burglary in the second degree, the court accepted petitioner's guilty plea. (*Id.* at 16-17).

On October 10, 2007, petitioner was sentenced to a determinate period of incarceration of twelve (12) years, plus five (5) years of supervised release, for each of the four (4) counts, each to run concurrently with the others. (Minutes of Sentencing, at 6 [Docket Entry No. 9-2]).

Petitioner filed a notice of appeal and moved for assignment of appellate counsel. (Sternberg Aff. ¶ 7). On February 19, 2008, the New York State Appellate Division, Second Department ("Appellate Division") assigned Andrew S. Worgan ("Worgan") to represent petitioner on appeal. (*Id.*).

On February 28, 2008, Worgan sent a letter to petitioner, stating that he had been assigned by the Appellate Division to represent petitioner during his appeal. (Pet. Ex. 1; Sternberg Aff. ¶ 8). Worgan asked petitioner questions about the case, and stated that he could not proceed until he received the minutes of petitioner's plea and sentencing proceedings. (*Id.*). On March 20, 2008, the clerk of the County Court, Nassau County, informed Worgan by letter

that the minutes of petitioner's plea proceeding were available. (*Id.* at ¶ 9). On April 7, 2008, the clerk informed Worgan that the minutes of the sentencing were also available. (*Id.*).

By letter dated April 23, 2008, petitioner expressed to Worgan his desire to have his sentence reduced on appeal. (Pet. Ex. 2; Sternberg Aff. ¶ 10). According to petitioner, between 2008 and 2010, he sent a total of eight (8) letters to Worgan requesting updates on the status of his appeal, "and all have gone unanswered." (Pet. ¶ 9b Addendum; Pet. Exs. 2-9; Sternberg Aff. ¶ 11).[2]

On July 15, 2009, petitioner filed a motion in the Appellate Division seeking to relieve Worgan as counsel and for assignment of new counsel. (Pet. ¶ 9b Addendum; Sternberg Aff. ¶ 13).[3] By letter dated July 16, 2009, Worgan asked the Appellate Division to "please excuse [his] delay in responding" because he had been on trial. (Pet. Ex. 11). Worgan further stated that he was going on vacation, but "hope[d] to file within two weeks after" he returned. (*Id.*). On August 14, 2009, respondent opposed petitioner's motion, and notified the court that on August 10, 2009, Worgan informed respondent that "he has spoken with defendant and is confident that he and defendant can have a productive working arrangement on defendant's appeal." (Opp. Ex. 3, ¶ 6; Sternberg Aff. ¶ 14). On September 30, 2009, the Appellate Division denied petitioner's motion. (Sternberg Aff. ¶ 15; Pet. Ex. 10; Opp. Ex. 4).

On July 7, 2010, petitioner wrote to the Appellate Division regarding the denial of his motion to relieve counsel and Worgan's failure to communicate with him, which the Appellate Division treated as a motion to reargue petitioner's prior motion to relieve counsel. (Pet. Ex. 12; Sternberg Aff. ¶ 18). On August 3, 2010, respondent opposed petitioner's motion, and notified

---

[2] Petitioner has attached copies of these handwritten letters to the Petition. (Pet. Exs. 2-9). However, the copies of these letters are partly illegible and difficult to read.

[3] Despite respondent's assertion to the contrary in the Sternberg affidavit (Sternberg Aff. ¶ 11), no copy of the July 15, 2009 letter is attached to the Petition.

3

the court that Worgan "informed that he has been in touch with defendant and his family members, and has communicated with them about defendant's appeal." (Opp. Ex. 5, ¶ 7; Sternberg Aff. ¶ 17). On September 27, 2010, the Appellate Division denied petitioner's motion to reargue. (Pet. Ex. 13; Opp. Ex. 6; Sternberg Aff. ¶ 18).

On October 8, 2010, petitioner wrote to the Appellate Division inquiring as to whether an appellate brief had been filed on his behalf. (Pet. Ex. 14; Pet. ¶ 9g Addendum). On October 22, 2010, the Appellate Division informed petitioner that no brief had been filed on his behalf. (Pet. Ex. 15; Pet. ¶ 9g Addendum).

On December 2, 2010, petitioner filed the instant Petition, *pro se*, dated November 27, 2010, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Western District of New York (the "Western District"), based on the following grounds: (1) denial of effective assistance of counsel resulting from Worgan's failure to communicate with petitioner; and (2) denial of the right to appeal resulting from Worgan's failure to file an appeal on petitioner's behalf. [Docket Entry No. 1]. On December 21, 2010, the Western District ordered that the Petition be transferred to the United States District Court for the Eastern District of New York. [Docket Entry No. 3]. On January 5, 2011, the Petition was transferred to this Court and assigned docket number 11-CV-0060.

On January 13, 2011, respondent received the Petition. (Sternberg Aff. ¶ 20). Between January 13, 2011 and February 23, 2011, respondent spoke with Worgan on two (2) occasions. (*Id.*).

On February 24, 2011, Worgan filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) (the "*Anders* Brief"), in which he asserted that there were no nonfrivolous issues to be raised on appeal, that he should be relieved as petitioner's counsel, and that petitioner's

appeal should be denied. (Opp. Ex. 7; Sternberg Aff. ¶ 21). The *Anders* brief included a letter advising petitioner of his right to file a *pro se* brief or to request that the Appellate Division assign him new counsel. (*Id.*). On March 3, 2011, respondent filed a responsive brief, arguing that *Anders* relief was appropriate. (Opp. Ex. 8; Sternberg Aff. ¶ 22).

On March 11, 2011, petitioner informed the Appellate Division that he wished to file a *pro se* supplemental brief. (Sternberg Aff. ¶ 23). On March 11, 2011 and March 23, 2011, Worgan left messages for respondent explaining that he and petitioner had exchanged letters "at the beginning" and that Worgan "had explained to petitioner that, in light of petitioner's guilty plea and waiver of the right to appeal, counsel could find no ground for relief on appeal." (*Id.* at ¶ 24). On March 28, 2011, the Appellate Division provided petitioner with copies of the plea and sentence minutes, and informed petitioner that his *pro se* supplemental brief was due on July 1, 2011. (Opp. Ex. 9; Sternberg Aff. ¶ 23).

On April 6, 2011, the District Attorney of Nassau County, as attorney for respondent, filed a response to the Petition (the "Opposition").[4] [Docket Entry No. 9].

On November 1, 2011, the Appellate Division affirmed the judgment of conviction and granted Worgan's application to withdraw as petitioner's counsel. *People v. Beck*, 89 A.D.3d 745, 931 N.Y.S.2d 912 (2d Dep't 2011).[5] On March 26, 2012, the Court of Appeals denied petitioner's application for leave to appeal the Appellate Division's affirmation of his conviction. *People v. Beck*, 18 N.Y.3d 955, 967 N.E.2d 708, 944 N.Y.S.2d 483 (2012) (Table).

---

[4] Petitioner's appeal to the Appellate Division was still pending when respondent filed the Opposition.

[5] The Appellate Division concluded that "defendant has not raised, nor could he have raised any nonfrivolous issues in his pro se supplemental brief." *Beck*, 89 A.D3d at 746, 931 N.Y.S.2d at 913. While this language suggests that petitioner submitted a *pro se* supplemental brief to the Appellate Division, neither petitioner nor respondent has provided any information to this Court regarding such filing.

III. Discussion

    A.    Denial of Effective Assistance of Appellate Counsel Claim

        1.    Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs applications of incarcerated state court defendants seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); *see also Cullen v. Pinholster*, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011) ("Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief."); *Jones v. Murphy*, 694 F.3d 225, 246-47 (2d Cir. 2012) ("Under AEDPA, a prisoner in custody pursuant to a state court judgment must generally exhaust state court remedies before seeking federal habeas corpus review."), *cert. denied*, 133 S.Ct. 1247, 185 L.Ed.2d 192 (2013). "'Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights,'" *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (internal quotation marks and citation omitted), *i.e.*, the "petitioner must 'present[ ] his [or her] claim to the highest court of the state." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (alterations in original) (quoting *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

Although petitioner previously sought relief of counsel from the Appellate Division, petitioner has not initiated a *coram nobis* proceeding in state court to assert a claim of denial of effective assistance of appellate counsel. *See Beuther v. Lefevre*, No. 88 C 2397, 1989 WL 18726, at *1 (E.D.N.Y. Feb. 15, 1989) ("[T]he proper vehicle for raising [an ineffective

assistance of appellate counsel] claim before the state courts is a writ of error *coram nobis* to the Appellate Division.") (citing *People v. Bachert*, 69 N.Y.2d 593, 596, 516 N.Y.S.2d 623, 624 (1987)). Under New York law, there is no time limit for an application for a writ of error *coram nobis*. *Id.* at *2; *see also Cameron v. New York*, No. 01 Civ. 9988, 2002 WL 31898076, at *9 (S.D.N.Y. Dec. 30, 2002). Therefore, since petitioner may still initiate a *coram nobis* proceeding, petitioner has "failed to exhaust the remedies available in the courts of the state" with respect to his ineffective assistance of appellate counsel claim. *Beuther*, 1989 WL 18726, at *2.

"When a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (quoting *Coleman*, 501 U.S. at 735 n.1). Petitioner may still initiate a *coram nobis* proceeding, and thus, state remedies remain "available" to petitioner with regard to his ineffective assistance of appellate counsel claim. Therefore, this claim is not deemed exhausted nor is it procedurally defaulted. Accordingly, because the Court may not reach the merits of this unexhausted claim, the ineffective assistance of appellate counsel claim is dismissed. *See Beuther*, 1989 WL 18726, at *2 (dismissing ineffective assistance of appellate counsel claim as unexhausted because petitioner could still bring a writ of error *coram nobis*).

    2.    Merits

Notwithstanding that petitioner's ineffective assistance of appellate counsel claim is unexhausted, this claim should also be dismissed on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure

of the applicant to exhaust the remedies available in the courts of the State."); *Alexandre v. Senkowski*, 126 F. App'x 7, 10 (2d Cir. Mar. 1, 2005) ("[A] federal court may deny a writ of habeas corpus on the merits even if the petitioner has failed to exhaust state remedies.") (citing 28 U.S.C. § 2254(b)(2)); *Aparicio v. Artuz*, 269 F.3d 78, 91 n.5 (2d Cir. 2001) ("AEDPA permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted.").

In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) "counsel's performance was deficient," and (2) "that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 688, 687, 694, 104 S.Ct 2052, 80 L.Ed.2d 674 (1984). "This two-prong test applies to the evaluation of appellate counsel as well as trial counsel." *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 197 (2d Cir. 2002) (citations omitted).

In support of his ineffective assistance of appellate counsel claim, petitioner solely relies on Worgan's lack of communication. *See* Pet. ¶ 22(A).[6] However, "[a]n attorney's failure to communicate with his or her client, by itself, does not constitute per se ineffective assistance of counsel." *McIntyre v. Duncan*, No. 03-CV-0523, 2005 WL 3018698, at *3 (E.D.N.Y. Nov. 8, 2005); *see also Farr v. Greiner*, No. 01-CV-6921, 2007 WL 1094160, *37 (E.D.N.Y. Apr. 10, 2007) ("Petitioner's claims that appellate counsel failed to communicate with him do not constitute *per se* ineffective assistance of counsel."). Therefore, petitioner's claim that Worgan failed to communicate with him does not alone establish deficient performance. Furthermore, petitioner has not demonstrated that he has suffered any prejudice stemming from Worgan's lack

---

[6] Specifically, petitioner supports his ineffective assistance of counsel claim with the following facts: "Since an original letter from my appellate atty Andrew Worgan on Feb 28th 2008, I have had no correspondence with him. Numerous letters to him have gone unanswered. Phone calls to his office from my family members resulted in his promise to contact me shortly. This never happened." Pet. ¶ 22(A).

of communication. Therefore, petitioner's ineffective assistance of appellate counsel claim is denied on the merits. *See Farr*, 2007 WL 1094160, at *38 (denying habeas relief where "petitioner has not demonstrated any prejudice stemming from appellate counsel's failure to communicate with him"); *Williams v. Comm. NYS DOC*, Nos. 07 Civ. 5496, 07 Civ. 5514, 2011 WL 5301766, at *21 (S.D.N.Y. Oct. 31, 2011) (denying habeas relief where petitioner "has failed to establish anything beyond a mere failure to consult").

B.   Denial of Right to Appeal

Petitioner alleges a denial of his right to appeal because, "as of [November 27, 2010], no appellate brief ha[d] been submitted on [his] behalf." Pet. ¶ 22(B). However, subsequent to the filing of the Petition, Worgan filed the *Anders* brief. The appeal had not yet been calendared by the Appellate Division when respondent filed its Opposition on April 6, 2011. The Appellate Division has since heard petitioner's appeal and affirmed his conviction. *People v. Beck*, 89 A.D.3d 745, 931 N.Y.S.2d 912 (2d Dep't 2011). The Court of Appeals subsequently denied petitioner's application for leave to appeal the affirmation by the Appellate Division. *People v. Beck*, 18 N.Y.3d 955, 967 N.E.2d 708, 944 N.Y.S.2d 483 (2012) (Table).

"A state court's hearing of an appeal does not moot a habeas petition based on a claimed denial of due process of the petitioner's right to appeal." *Simmons v. Reynolds*, 898 F.2d 865, 867 (2d Cir. 1990). Given that "the state court has already affirmed [petitioner's] conviction, the remedy of a conditional writ would serve no purpose," and thus, is not warranted here. *Vasquez v. Reynolds*, 58 F. App'x 533, 535 (2d Cir. Mar. 7, 2003).

"When a prisoner brings an appellate delay claim, a showing of actual prejudice to the appeal is required to obtain additional habeas relief beyond the grant of a conditional writ, the preferred remedy for such claims." *Vasquez*, 58 F. App'x at 534. Where a petitioner shows

actual prejudice, additional habeas relief, such as "release, re-trial, or a new appeal," may be warranted. *Diaz v. Henderson*, 905 F.2d 652, 653 (2d Cir. 1990). "[A]ppellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different." *Mathis v. Hood*, 937 F.2d 790, 794 (2d Cir. 1991).

Petitioner makes no such claim of actual prejudice, nor could he. The Appellate Division "reviewed the record and agree[d] with [petitioner's] assigned counsel that there are no nonfrivolous issues which could be raised on appeal." *People v. Beck*, 89 A.D.3d at 745-46, 931 N.Y.S.2d at 913. Petitioner suffered no prejudice because the Appellate Division's conclusion would not have been different absent the delay. Furthermore, petitioner waived his right to appellate review. (Minutes of Plea, at 8). Accordingly, petitioner cannot establish that his appeal was "constitutionally tainted because of the delay," and his appellate delay claim is denied. *Diaz*, 905 F.2d at 653.

IV. Conclusion

For the foregoing reasons, the Petition is denied. As petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008). Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253.

The Clerk of the Court shall enter judgment in favor of respondent, close this case, and serve notice of entry of this order on all parties in accordance with Federal Rule of Civil Procedure 77(d)(1), including mailing a copy of the order to petitioner at his last known address.

**SO ORDERED.**

                                          s/ Sandra J. Feuerstein

                                          Sandra J. Feuerstein
                                          United States District Judge

Dated:  February 25, 2014
         Central Islip, New York